PETROPLUS, JUDGE:
Claimant is seeking the sum of $209.11 as damages resulting from the use of his home by members of the Department of Public Safety, claiming that his property on U. S. Route No. 19 near Fairmont, West Virginia, which was rented and occupied by the Respondent as a State Police Barracks and Headquarters, was damaged by unreasonable and improper use of the property. The tenancy of the State Police terminated in April of 1970, and the Claimant, upon inspection of the property, found several broken windows and damage to the floors caused by the storage of confiscated slot machines which had been dragged across the floors. Rugs had been nailed to the floor with large nails and damages were alleged extending beyond those that may be caused by normal wear and tear. The Claimants submitted vouchers supporting the cost of repairs.
The Respondent denied liability and demanded strict proof of the claim for damages.
*141 At the hearing it developed that the property was leased by the State of West Virginia on June 3, 1966, for the term of twelve months with options to renew the lease for three additional one-year periods, at a rental of $145.00 per month. The lessor assumed the obligation of keeping the premises in repair, both interior and exterior, by express provision in the lease. Paragraph (8) of the lease also provides that there shall be no liability on the part of the State of West Virginia, its officers, agents or employees, for any loss or damage to the leased premises, whether caused by overloading the floors with equipment or otherwise installing fixtures and equipment commonly used in business offices.
The issue before the Court is whether the lessor has contracted in his lease not to hold the State responsible for damages to his property by the use or misuse thereof by members of the State Police.
After considering the evidence in this case it is the opinion of the Court that the lease does not contemplate releasing the State from liability resulting from negligent or willful damage to the leased pre-„ mises while occupied by the State Police. The provision that absolves the State from liability is limited to loss or damage caused by overloading the floors with equipment or otherwise installing fixtures and equipment commonly used in business offices. Even a broad construction of the release of liability would not cover those damages resulting from willful acts or conduct in disregard of the property rights of the lessor. It appears from the evidence that there were six broken windows, holes in the floors, broken steps and floor damage caused by dragging slot machines over the floors. We consider these acts to be a willful disregard of the property owner’s rights.
For the foregoing reasons, the Court is of the opinion to make an award to the Claimant in the amount of $155.61 and accordingly recommends. Said award excludes the broken windows item because of failure to prove that the windows were broken by the Respondent’s agents or employees.
Claim allowed in the amount of $155.61.